UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL GIGNAC, as he is the duly appointed Personal representative of the Estate of LAURIE ANN GIGNAC and her heirs at law, | * * * * * |
| Plaintiff, | * * |
| v. | * Civil Action No. 1:13-cv-10019-IT * |
| CHRISTOPHER SANDERS, M.D. et al., | * * |
| Defendants. | * * |

ORDER

February 5, 2015

TALWANI, D.J.

Before the court is Defendants' <u>Motion to Compel Deposition of Non-Party Witness</u> [#47] ("Defs.' Mot. Compel"), in which Defendants move the court for an order compelling non-party witness Gloria Fournier to appear at her deposition and answer questions. For the following reasons, the motion is DENIED without prejudice.

First, Federal Rule of Civil Procedure 37(a)(1) allows a party to move for an order compelling discovery or disclosure. Under that rule, the moving party must "give notice to other parties and <u>all affected persons</u>." Fed. R. Civ. P. 37(a)(1) (emphasis added). Here, Defendants' certificate of service does not list any service on the affected person, Gloria Fournier. The court will not compel Ms. Fournier's deposition without notice to her of such a motion.

Second, Defendants' motion is untimely as discovery has closed. The court previously denied the parties' motion for an open-ended extension of time to complete two deadlines, requiring the parties instead to present a firm date for the depositions. [<u>See</u> #43, #44]. On the

parties' subsequent motion affirming that the outstanding depositions were scheduled for December 17, 2014, the court extended the deadline to complete depositions to December 31, 2014. [See #46].

For both of these reasons, the motion to compel is properly denied. However, the denial is without prejudice for the following reasons. First, allowing the anticipated deposition will not delay the trial. The parties have reaffirmed today that they are prepared to proceed with the scheduled trial date of March 30, 2015, and Defendants are not seeking to change the trial schedule in order to accommodate this deposition. Second, the parties had previously expressed their "shared belief as to the importance of [this] deposition[]," [#43, at 3], had repeatedly agreed to take this deposition after the close of discovery, and much of the delay in rescheduling the deposition appears to have been tied to Defendants' willingness to accommodate Plaintiff's counsel's schedule in traveling from Texas.

Plaintiff's remaining arguments also do not support a denial of the motion to compel with prejudice. Plaintiff's contention that Defendants should have sought a motion to compel after Ms. Fournier's failure to attend her deposition the first time is correct but is not dispositive. Ms. Fournier's failure to attend or give advance notice of her absence prior to the day of her first deposition or to respond to "multiple attempts to reach [her] thereafter," Defs. Mot. Compel 2, placed the parties on notice of the risk that Ms. Fournier might again fail to comply with a subpoena, despite service by hand. Both parties were apparently satisfied, however, with proceeding with only service of the subpoena and not a motion to compel. [See #45, at 2]. Plaintiff's further argument that Defendants can compel Ms. Fournier to give testimony at trial is similarly correct, but not dispositive. Seeking testimony for the first time at trial may well result in unnecessary testimony and thus a burden on the court and jury.

Plaintiff contends that Defendants brought this motion in the wrong court. The proper court depends, however, on where Defendants seek to depose Ms. Fournier. If they seek to do so in Massachusetts, the motion may be filed in this court. If Defendants wish to compel Ms. Fournier's testimony in Rhode Island (even if the reason is to avoid undue burden on Ms. Fournier), they must file a motion to compel in that state. See Fed. R. Civ. P. 37(a)(2) ("A motion for an order to a nonparty must be made in the court where the discovery is or will be taken.").

Finally, the court is cognizant of Plaintiff's concern that he has already incurred substantial expense related to the taking of Ms. Fournier's deposition, but notes that Defendants' counsel has agreed to take all reasonable efforts to accommodate the schedule of Plaintiff's counsel for purposes of conducting the deposition. The expense and burden of the late deposition can be reduced by re-scheduling Ms. Fournier's deposition close in time to the court's initial pretrial conference, conducting the deposition via video conference, and/or requesting that Defendants pay for an expedited deposition transcript.

Accordingly, the motion to compel is DENIED without prejudice. Defendants may refile the motion to compel, after conferring with Plaintiff's counsel in accordance with Local Rule 7.1 and with appropriate service on Gloria Fournier, in the appropriate court.

IT IS SO ORDERED.

Date: February 5, 2015                                        /s/ Indira Talwani
                                                                                      United States District Judge